IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

JAMES H. MCNAIR                                                                          PLAINTIFF

V.                                                              CAUSE NO. 4:07CV179-MPM-EMB

THE CITY OF BELZONI, MISSISSIPPI, ET AL                                    DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court on the application of James H. McNair for leave to file suit under 42 U.S.C. § 1983 without prepayment of fees and costs or giving security therefor. Having conducted an initial screening of the Complaint submitted for filing, the undersigned recommends that McNair's motion be denied and that his claims be dismissed *sua sponte*.

McNair's proposed Complaint indicates he is aggrieved because his firearm, a family heirloom, was ordered confiscated notwithstanding his acquittal on misdemeanor gun charges in Belzoni, Mississippi Municipal Court in October 2004. Pl.'s Complaint at 15. Plaintiff generally states that his constitutional rights were violated, and he wants to recover damages for "the trouble [and] problems that . . . [he has]. . . been through" to get his gun back. Pl.'s Complaint at 2. Plaintiff has named the City of Belzoni, Police Chief Foxworth, Officer David James and former Municpal Judge Howard Q. Davis as defendants. Pl.'s Complaint at 1.

As an initial matter, judicial officers are immune from suit under § 1983. *See Mireles v. Waco*, 502 U.S. 9 (1991). As such, McNair's claim against Judge Davis must be dismissed. Second, Plaintiff has failed to allege any personal action on the parts of Chief Foxworth and Officer James. Moreover, according to the Complaint, the alleged illegal confiscation of Plaintiff's gun did not take place until after McNair's acquittal on the gun charges. *See* Pl.'s

Complaint at 15. At this point, his gun was confiscated pursuant to Judge Davis's order. Third, McNair has failed to allege some unconstitutional custom or practice which would bring municipal liability upon the City of Belzoni. *See Monell v. Dept. of Soc. Servs.*, 436 U. S. 658, 690-91 (1978). Finally, though McNair went through an unfortunate ordeal being separated from an heirloom that is obviously very dear to him, it appears he has now recovered it. Based on the foregoing, it is my recommendation that McNair's motion for leave to proceed *in forma pauperis* be denied and that his Complaint be dismissed for failure to state a claim.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 5th day of November, 2007.

                                                **/s/ Eugene M. Bogen**
                                                **U. S. MAGISTRATE JUDGE**